UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ALBERT EDMOND                                                                          PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 2:03CV467-KS-RHW

DON LEWIS, et al                                                                      DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Before the Court is Defendants' [21] Motion to Dismiss for Failure to Exhaust Administrative Remedies. Plaintiff Albert Edmond filed a 42 U.S.C. § 1983 complaint on September 5, 2003, challenging the conditions of his confinement. He alleges cruel and unusual punishment for alleged assaults that occurred on or about August 18, 2002; on or about October 3, 2002; and on or about November 25, 2002. Defendants filed the instant motion and assert that Edmond has not exhausted his administrative remedies through the prison grievance system as required under 42 U.S.C. § 1997e.

The Court conducted a screening hearing for this case on December 7, 2005. At that hearing, Plaintiff stated that he had in fact fulfilled the administrative requirements for the actions that gave rise to this complaint and provided copies of a third-step response. It appears that the documents provided relate primarily to the alleged assault of November 25, 2002. In fact, in the affidavit attached to the Defendants' Motion to Dismiss, Larry Hardy, Administrative Remedy Program Legal Claims Adjudicator, concedes that Plaintiff completed the administrative remedies program with respect to the November 25, 2002 incident.

In a response to the Motion to Dismiss, Plaintiff explained in some detail the manner in which he attempted to complete the grievance process for all three alleged assaults. With respect

to the alleged assaults of August 18, 2002, and October 3, 2002, Plaintiff states that he filed a "Request for Administrative Remedy--Sensitive Issue Third Step" immediately following each of the incidents.  In his complaint, Plaintiff has provided documentation in support of his contention that he pursued these administrative remedies.  Larry Hardy states in his affidavit that Plaintiff did not file a grievance through the administrative remedy program concerning either the August 18, 2002, or October 3, 2002, incidents.  It is unclear to the undersigned whether in fact Plaintiff exhausted his administrative remedies as to these two incidents.  Out of an abundance of caution, and pending further development of the record, the undersigned is of the opinion that Plaintiff should be permitted to proceed on his claims for the assaults of August 18, 2002, and October 3, 2002.

## RECOMMENDATION

Based on Plaintiff's allegations and evidence presented in his response, the undersigned is of the opinion that Defendants' Motion to Dismiss should be DENIED as it relates to the alleged assault of November 25, 2002.  The undersigned also recommends that the Motion to Dismiss should be DENIED as it relates to the August 18, 2002, and October 3, 2002 incidents; however, the issue of whether in fact Plaintiff has exhausted his administrative remedies in accordance with 42 U.S.C. § 1997e remains an open question which may be re-visited at a future date.  At the very least, the undersigned is of the opinion that Plaintiff should be permitted to proceed on his claim alleging an Eighth Amendment violation for the alleged assault of November 25, 2002.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the

time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 10th day of March, 2006.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE